UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RUSSELL B. WELTY, )
)
      Plaintiff, )
)
vs. ) Case No. 1:05CV00092 ERW
)
UNITED STATES OF AMERICA, )
)
      Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Injunction [doc. #34]. A hearing on Plaintiff's request for injunctive relief was held in this Court on April 21, 2006.

In this case, Plaintiff filed his original pro se Complaint in June 2005, alleging that certain government employees had violated various state and federal water laws with respect to property owned by Mr. Terry Givens. Mr. Givens's property, which is used for crop production, is located adjacent to Plaintiff's property, which is maintained as a wetlands farm and wildlife refuge. According to Plaintiff's Complaint, the United States Department of Agriculture Natural Resources Conservation Service ("NRCS") "authorized" certain activity on Mr. Givens's property which has drained a portion of Plaintiff's property. Plaintiff believes that he has been harmed as a direct result of the NRCS "authorization," and his suit is directed against the federal government.[1] On April 10, 2006, Plaintiff filed the instant Motion for Injunction [doc. #34]. In the request for injunctive relief,

---

[1] Also before the Court at this time are Plaintiff's Motion for Judgment on the Pleadings [doc. #27] and Defendant's Motion to Dismiss [doc. #29]. The Court is aware of these two motions, and they remain pending at this time.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff makes no mention of Mr. Givens or of any other facts contained in his Complaint. Instead, Plaintiff requests that the Court enter an injunction against NRCS because it continues to make "authorizations in violation of State and Federal Water Laws." Plaintiff states that "the Hubble Creek Wetland System is under disruption by farmer John Lorberg." Defendant argues that Plaintiff's request should be denied for a variety of reasons, including that he does not have standing to make the current request and that he has failed to satisfy his burden under *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981).

As an initial matter, Plaintiff has failed to file a verified complaint regarding the matter about which he now complains ("the Lorberg matter"), and he has not provided any facts concerning immediate and irreparable injury, loss, or damage. Thus, Plaintiff's request for relief is deficient in numerous ways. During the hearing on this matter, Plaintiff confirmed that the Lorberg matter was not described in his original Complaint and that it involves property that is not related to, or in the proximity of, Mr. Givens's property. Notwithstanding these deficiencies and in the interest of justice, the Court nevertheless will consider Plaintiff's request for relief.

The issue for the Court's consideration is whether Plaintiff has standing with regard to the Lorberg matter. To establish standing, a plaintiff must meet three requirements. First, a plaintiff must have suffered an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in fact is the invasion of a legally protected interest which is concrete, particularized, and actual or imminent. *Id*. Second, there must be a causal connection between the injury and the conduct complained of. *Id.* Third, it must be likely that the injury will be redressed by a favorable decision. *Id.* at 561. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* In this case, Plaintiff has failed to meet his burden of demonstrating that he has standing with

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

regard to the Lorberg matter. Specifically, Plaintiff has failed to demonstrate that he has suffered an injury in fact. After giving Plaintiff the opportunity to make his request both in writing and orally, the Court is convinced that Plaintiff has suffered no invasion of a legally protected interest which is concrete, particularized, and actual or imminent. There is no indication that Plaintiff uses or has the right to use the Lorberg property in any way. Plaintiff's own property is not connected to the Lorberg property. Plaintiff does not allege that the activity currently taking place on the Lorberg property has affected or will affect his property. He has not demonstrated that he has any legally protected interest in the activity apparently taking place at the Lorberg property. Plaintiff repeatedly alleges, both in his briefing and during the hearing on this matter, that NCRS is violating unspecified water laws and that NCRS must be stopped. However, Plaintiff has not shown how this alleged violation with respect to the Lorberg property has caused any direct injury to him. Plaintiff simply has no standing to pursue this particular claim before this Court. Therefore, Plaintiff's request for an injunction will be denied.[2]

Accordingly,

---

[2] Even if Plaintiff could establish standing, he would not be entitled to relief because he has failed to satisfy the *Dataphase* factors. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (citing *Dataphase*, 640 F.2d at 114). Plaintiff has failed to allege any facts which might indicate he has a probability of success on the merits of his claim, especially considering that he does not have standing with regard to the Lorberg matter. Moreover, he has failed to allege any specific facts demonstrating that he will be irreparably harmed by the work taking place on the Lorberg property. Further, other parties would be inconvenienced and harmed by the issuance of the requested injunction. Finally, there is no indication that anything illegal is taking place on the Lorberg property. Thus, it does not appear that the issuance of an injunction would be in the public interest.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunction [doc. #34] is **DENIED**.

Dated this 24th day of April, 2006.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com