UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL B. WELTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05CV00092 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant United States of America's Motion to Dismiss [doc. #29] and Plaintiff's Motion for Permanent Injunction [doc. #39].

**I. BACKGROUND FACTS**

On June 13, 2005, Plaintiff, who is proceeding pro se, filed a Complaint alleging violations of "state and federal water laws" by ten named employees of the federal government who were acting within the scope of their office of employment with the United States Department of Agriculture ("USDA"), the Natural Resources Conservation Service ("NRCS"), or the United States Army Corps of Engineers ("Corps") at the time of the events described in the Complaint. According to Plaintiff, because these government employees have violated various "state and federal water laws" with respect to property owned by Mr. Terry Givens, Plaintiff's own property has been damaged. Plaintiff alleges that Defendant has "ignored the 515.11 Wetland Law as it affects [Plaintiff's] wetland farm." Compl., Attachment at 1. He alleges that this action has led to the drainage of his wetlands. Compl., Attachment at 2. According to Plaintiff, he has suffered damages as a result of these government

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

employees' negligent, omitted, or wrongful acts.[1]  Because Plaintiff's claims appear to be brought pursuant to the Federal Tort Claims Act,[2] Defendant moved for substitution of the United States of America as the sole defendant in lieu of the ten individual government employees.  Plaintiff did not object to Defendant's request.  Defendant's motion was granted and Defendant United States of America was substituted in lieu of the ten named individual defendants.

Defendant brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.  In the alternative, Defendant brings its Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim upon which relief may be granted.

## II.     MOTION TO DISMISS STANDARDS

### A.     Rule 12(b)(1)

Pursuant to Rule 12(b)(1), if a court lacks jurisdiction over the subject matter of a complaint, the complaint may be dismissed.  When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), a court may consider matters outside of the pleadings.  *Osborn v. U.S.*, 918 F.2d 724, 728 n.4 (8th Cir. 1990).  When deciding a motion brought pursuant to Rule 12(b)(1), a court must determine whether the moving party is making a "facial attack" or a "factual attack."  *Id.* at 729 n.6.

---

[1] Plaintiff requests various forms of relief, including: (1) an order that his wetlands be restored to their original surveyed control point elevation; (2) an order that the dam and levy system built by Mr. Givens, who is not a defendant in this action, be removed; (3) an order for "[m]aintenance of a surveyed point elevation by the Dept. of Agriculture, NRCS, and State of Missouri, Dept. of Natural Resources"; and (4) $5 million in damages.  Compl. at 4.

[2] Plaintiff's Complaint does not identify any federal statutes or constitutional provisions or any other basis for this Court's jurisdiction over his claim.  Plaintiff has not objected at any time to Defendant's characterization of his Complaint as one brought pursuant to the Federal Tort Claims Act, and it appears to the Court that Plaintiff's claim is brought pursuant to that Act.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

If the moving party is making a facial attack, the non-moving party receives the same protections as it would if it were defending against a Rule 12(b)(6) motion. *Id.* However, if the moving party is making a factual attack, the court may consider matters outside the pleadings and the non-moving party will not be entitled to the 12(b)(6) safeguards. *Id.* "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. Thus, no presumptive truthfulness is afforded to the plaintiff's allegations and the court must decide for itself the merits of the jurisdictional claims. *Id.* The plaintiff has the burden of demonstrating that jurisdiction exists. *Id.*

B. <u>Rule 12(b)(6)</u>

Pursuant to Rule 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. However, a complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

## III.   DISCUSSION

Defendant contends that this Court lacks jurisdiction over Plaintiff's Complaint due to Defendant's immunity from suit and that Plaintiff's claim must be dismissed pursuant to Rule 12(b)(1). As Defendant correctly points out, Plaintiff's pro se Complaint contains insufficient facts from which this Court can properly ascertain whether it has jurisdiction over this matter. Though Plaintiff's Complaint is not a request to review the administrative decision of an agency, Defendant has filed with the Court a certified copy of the case record for NAD Case No. 1999E000661, *In the Matter of R.B. Welty v. Natural Resource Conservation Service*,[3] because it contains a written history of the factual background for the claims Plaintiff now advances. Plaintiff has raised no objection to the Court's consideration of this evidence, and Plaintiff has produced no further evidence of his own in support of his contention that this Court has jurisdiction over his claim. Therefore, the Court will rely upon this factual record in determining whether Plaintiff has met his burden of demonstrating that this Court has jurisdiction over his claim. *See Green Acres Enterprises, Inc. v. U.S.*, 418 F.3d 852, 856 (8th Cir. 2005) (court may rely on evidence outside the pleadings in Rule 12(b)(1) context); *Osborn*, 918 F.2d at 729 n.6 (same).

---

[3]This administrative record was compiled as a result of a 1999 appeal made by Plaintiff to the USDA National Appeals Division in Washington, D.C.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1. Factual Background[4]

As is clear from the evidence presented in this case, there has been a long-standing dispute between Plaintiff and his neighboring landowner, Mr. Givens. Mr. Givens's interest in his land is focused on row crop production, while Plaintiff's interest in his land is focused on wetland preservation along with crop production. Several years ago, Mr. Givens apparently was concerned that a beaver dam was impeding the flow of water through his property. He apparently advised NRCS that he intended to construct a drainage ditch in order to lower the water level. At that time, NRCS apparently responded that the proposed drainage ditch would not violate provisions of the Food Security Act.[5] Beginning in January 1999, Plaintiff complained to NRCS and the Corps that the drainage ditch constructed by Mr. Givens and "authorized" by NRCS had the effect of draining one slough and wooded wetland which joined his property to that of Mr. Givens and an additional sough and wooded wetland on Plaintiff's property. Plaintiff urged that the work done by Mr. Givens constituted violations of both the Food Security Act and the Clean Water Act. Thereafter, both NRCS and the Corps reviewed the matter and determined that their was no violation of either

---

[4]In its Memorandum, Defendant provides a concise summary of the factual background pertinent to Plaintiff's current Complaint. Defendant's summary is based on the records in the above-cited administrative appeal, and a review of the entire file reveals that Defendant's summary is accurate. Other than a vague statement that Defendant's Motion contains "numerous twisted inaccuracies," Plaintiff has made no specific objections to Defendant's presentation of the facts underlying his current Complaint.

[5]The NRCS administers the Food Security Act, which contains certain wetland provisions. Individuals must comply with these wetland provisions in order to remain eligible for USDA program benefits. If NRCS determines that a person has converted a wetland (e.g., by draining, dredging, filling, leveling, removing woody vegetation, or other means) for the purpose of, or which has the effect of, making the production of an agricultural commodity possible, that person will be deemed to be in violation of the FSA. Admin. Rec. at 97.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

statute.[6]

After receiving unfavorable responses from NRCS and the Corps, Plaintiff attempted to appeal the NRCS determination to the USDA. During this appeals process, Plaintiff argued that NRCS had authorized the action taken by Mr. Givens and that this authorization resulted in damage to his wetlands, necessitating Plaintiff's claim against NRCS. Plaintiff agreed during a telephone conference that NRCS had taken no direct action against him. Admin. Rec. at 82. The hearing officer stated that NRCS had notified Plaintiff that it did not authorize Mr. Givens to dig the ditch which drained his land and that it had simply informed Mr. Givens that he would remain in compliance with his conservation plan if he chose to dig the drainage ditch. *Id.* The hearing officer found that Plaintiff was unable to establish that NRCS had taken or failed to take any action directly against him and that he therefore failed to establish jurisdiction. *Id.* at 86. The hearing officer's determination was upheld. *Id.* 105-07.

---

[6]On January 7, 1999, an on-site investigation was conducted on the Givens farm with Allen R. Johnston, Wetland Team Leader for NRCS; Phil Brown, Environmental Protection Specialist with St. Louis District Corps of Engineers; Ward Lenz, Project Manager, Enforcement Section, St. Louis Corps of Engineers; and Plaintiff in attendance.

With regard to Plaintiff's concern that the drainage ditch violated the Food Security Act, the NRCS informed him that, for an area to be considered a converted wetland for Food Security Act purposes, the converted areas would have to be converted to the extent of, and for the purpose of, making possible the production of agricultural commodities. The NRCS found that the wetland areas that were affected in this instance were the sloughs that meander through the property and that the drainage work was not done for and did not have the potential to produce an agricultural commodity. Thus, the wetlands were not considered converted wetlands under the Food Security Act. Admin. Rec. at 3.

With regard to Plaintiff's concern that the drainage ditch violated the Clean Water Act, the Corps informed him that the ditch was excavated in prior converted cropland and that activities in prior converted croplands are not regulated under Section 404 of the Clean Water Act. The Corps further informed him that there was no evidence of any fill being placed into the wetlands on the site. Therefore, the Corps concluded that there was no violation of the Clean Water Act. Admin. Rec. at 4.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2. *Sovereign Immunity*

As a sovereign, the United States is immune from suit except to the extent that it consents to be sued, and the terms of its consent define a court's jurisdiction to entertain a suit for damages against it. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* (internal quotation omitted). The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, ("FTCA") provides for a limited waiver of sovereign immunity, giving district courts jurisdiction over civil actions on claims against the United States for money damages, for injury or loss of property, or for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "[T]he FTCA waives federal sovereign immunity and grants federal district courts jurisdiction over a certain category of claims against the United States only to the extent that a private person, under like circumstances, would be liable to the plaintiff under the substantive law of the state where the alleged wrongful conduct took place (in this case Missouri)." *Green Acres*, 418 F.3d at 856. "Thus, to state a claim that is cognizable under the FTCA, a claim against the Government must have a 'private analogue'; in other words, the claim must be such that a similarly situated private party would be liable for the same conduct in Missouri." *Id.*

According to Defendant, this Court lacks jurisdiction over Plaintiff's Complaint because Defendant is entitled to sovereign immunity. Defendant states that, though the FTCA does constitute a limited waiver of immunity, Plaintiff's claim is not cognizable under the FTCA and, therefore, sovereign immunity has not been waived. Defendant is correct in its assertion that Plaintiff's claim

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is not cognizable under the FTCA. Mr. Givens constructed the drainage ditch that Plaintiff alleges has harmed his property.[7] Plaintiff believes that Defendant violated a certain regulation of the National Food Security Act when it advised Mr. Givens that the plans for his project did not appear to be in conflict with the Food Security Act.[8] Rather than bring suit against Mr. Givens for his alleged injury, Plaintiff wishes to hold Defendant liable for the harm to his property. Plaintiff's theory of recovery against Defendant is that Defendant owed him a duty of care arising out of its responsibility to administer the Food Security Act. Plaintiff presents no authority in support of this proposition, and the Court has found none. Moreover, Plaintiff's theory of recovery is fatally flawed because "there is no comparable situation to the instant case where a private individual could be held liable under state law." *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 873 (8th Cir. 1999). Plaintiff has failed to demonstrate that tort law principles in Missouri would hold a private individual liable for conduct similar to that of Defendant in this case. *See Gelley v. Astra Pharmaceutical Products, Inc.*, 610 F.2d 558, 563 (8th Cir. 1979) (no indication that tort law

---

[7]Defendant suggests that Plaintiff's only potentially viable cause of action is against Mr. Givens because it was Mr. Givens who constructed the drainage ditch that has allegedly drained a portion of Plaintiff's property. Plaintiff's only explanation as to why he has not brought suit against Mr. Givens is that he has been unable to find an attorney to represent him in such a suit. Plaintiff does not offer any explanation as to why he is willing to proceed pro se in the instant suit but is apparently unwilling to do so in a suit against Mr. Givens.

[8]Plaintiff believes Defendant's advice to Mr. Givens was a violation of the National Food Security Act Manual, Part 515.11, which states that "[m]aintenance that violates any existing wetland or flowage easement is not allowable under the 1985 Act." Plaintiff believes that Defendant should not have authorized any maintenance project by Mr. Givens because the work ultimately damaged his wetland. The factual record of this case indicates that the actions by Mr. Givens did not constitute a violation of the National Food Security Act. In any event, even if Plaintiff could prove that Defendant violated a National Food Security Act regulation, this would not provide the required jurisdiction. The law is clear that a violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the FTCA. *Klett v. Pim*, 965 F.2d 587, 589 (8th Cir. 1992).

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

principles in any state would hold private person liable for conduct similar to defendant's). No private analogue exists for the relevant conduct in this case; therefore, the FTCA's waiver of sovereign immunity does not apply and this Court is without subject matter jurisdiction to hear this case. *See Green Acres*, 418 F.3d at 857 (dismissing for lack of jurisdiction because no private analogue for the relevant conduct in the case).[9]

    3.    *Motion for Preliminary Injunction*

On April 26, 2006, Plaintiff filed his second motion for injunctive relief [doc. #39]. Because this Court has already determined that it lacks jurisdiction over Plaintiff's claim, the Court is without power to grant Plaintiff's requested relief. Therefore, Plaintiff's request for injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss [doc. #29] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permanent Injunction [doc. #39] is **DENIED**.

An appropriate Order of Dismissal shall accompany this Order.

Dated this <u>8th</u> day of May, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[9]Because the Court has determined that it lacks jurisdiction over Plaintiff's claim, the Court need not reach the other arguments presented by Defendant.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com